**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESUS DAVID COLMENAREZ LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. CIV-26-1387-J** |
| **v.** | ) | |
| | ) | |
| **ROBERT CERNA, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jesus David Colmenarez Lopez, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a Response, Doc. 9, and the time for Petitioner to reply has lapsed. *See* Doc. 7.

---

1 Chris Gantt is the current Warden of the Cimarron Correctional Facility and the Government did not file its response on his behalf. Doc. 9, at 1 n.1.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief and order his immediate release subject to an appropriate Order of Supervision (OOS).

## I. Factual background and procedural history.

Petitioner is a native and citizen of Venezuela who entered the United States on or about April 12, 2022. Doc. 1, at 5. The Department of Homeland Security (DHS) placed him in removal proceedings. *Id.* Petitioner maintains that he applied for asylum and withholding of removal. *Id.*

On May 24, 2026, Petitioner was stopped for speeding in Oklahoma and later Immigration & Customs Enforcement (ICE) took him into custody. *Id.* Petitioner states that he has employment authorization and has no criminal history apart from this traffic offense. *Id.*

## II. Petitioner's claim.

Petitioner asserts one claim for relief: a violation of his procedural due process rights under the Fifth Amendment. *Id.* at 10-11. He seeks declaratory relief and his immediate release. In the alternative, he seeks an immediate individualized bond hearing with the Government bearing the burden to justify detention and an award of attorney's fees and costs under the Equal Access to Justice Act.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Respondents violated Petitioner's Due Process Rights.

Petitioner asserts his detention is unlawful as he has been denied a pre-deprivation hearing in violation of his procedural due process right under the Fifth Amendment. Doc. 1, at 10-11. The undersigned agrees.[4]

[4] Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *1 (N.D. Cal. Sept. 12, 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 108 (2020)). Section 1226 then lets the Government arrest and detain noncitizens or release them on bond or on conditional parole. 8 U.S.C. § 1226(a). Release is required if the noncitizen can show they are not a danger to property or persons and will show up at future hearings. *Salcedo Aceros*, 2025 WL 2637503, at *1 (first citing *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022); and then citing 8 C.F.R. § 236.1(c)(8)). If detention continues, the noncitizen gets a bond hearing before an immigration judge (IJ). *Id.* To be released, noncitizens must show by a preponderance of the evidence that they are not a security threat, community danger, or flight risk. *Id.*

The initial decision to pursue Petitioner's detention "under § 1226(a) precludes the Government from later 'switch[ing] tracks' to subject him to

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings.").

"The [INA] establishes procedures for removing [and detaining noncitizens] living unlawfully in the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The I[NA] establishes procedures for the Government to use when removing certain noncitizens from the United States and, in some cases, detaining them.").

This Court analyzes Petitioner's procedural due process claim to determine whether he has a protected liberty interest and what process is

---

mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (citing *Salcedo Aceros,* 2025 WL 2637503, at *8). The rule is simple: "Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Salcedo Aceros,* 2025 WL 2637503, at *8.[4] *See, e.g.*, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the [G]overnment grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in

being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondents deprived Petitioner of his protected liberty interest when ICE detained him and placed him into custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending four years in the United States before his present detention. By initially releasing Petitioner under § 1226(a), ICE necessarily determined that he "would not pose a danger to property or persons" and would "likely [] appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). Respondents have presented no evidence that there was a change in this assessment. By permitting Petitioner to remain at liberty for four years, the Government enabled Petitioner to develop a protected liberty interest in remaining out of custody. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

During his release, Petitioner's liberty interest presumably grew even stronger as he "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. "Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026), *adopted*, 2026 WL 440566 (E.D. Cal. Feb. 17, 2026). Respondents detained Petitioner with no procedural safeguards to determine whether the revocation of his release was justified. So, this factor also weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the [G]overnment has an interest in enforcing immigration laws," the Government's interest in detaining Petitioner without a determination whether he posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at *6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Court concludes that the [G]overnment's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[]

has long complied with his reporting requirements.”). And the Court can discern no significant administrative or fiscal burden associated with placing the burden on the Government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at *3 (“A[] [noncitizen]’s opportunity to be heard regarding the revocation of his parole is only meaningful if the [G]overnment comports with its own internal standards regarding parole revocation.”). The Government’s decision not to detain Petitioner for four years reinforces this conclusion.

**A. Remedy.**

Habeas is “a remedy for unlawful executive detention.” *Munaf v. Geren*, 553 U.S. 674, 693 (2008). “The typical remedy for such detention is, of course, release.” *Id.*; *see also Thuraissigiam*, 591 U.S. at 107 (“Habeas has traditionally been a means to secure release from unlawful detention.”). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters “as law and justice require.” 28 U.S.C. § 2243*; see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) (“[I]f the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release.” (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990))).

The undersigned finds that Respondents' continuing due process violation requires Petitioner's immediate release subject to the same conditions as his earlier release.[5] Numerous courts across the country share this view.[6]

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order his immediate release subject to the same conditions of his earlier release.**[7] **The**

[5] "Many orders in similar cases require that a bond hearing be set in a short period of time with an automatic release if the hearing does not occur. Those cases do not examine the effect of a pending asylum petition or a clear conditional release order under § 1226." *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026).

[6] *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 824 F. Supp. 3d 1197, 1215 (D.N.M., 2026) ("Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Velasquez Montillo*, 2026 WL 592355, at *10 (concluding immediate release was the appropriate remedy where "[t]here has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

[7] Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate

**undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within five business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.** Finally, the Court should order that Respondents may not re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community.[8]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 17, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

---

for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (placing the burden of proof on the Government to justify the petitioner's continued detention (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). Having released Petitioner before, the Government ought to now bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. *See L.G.*, 744 F. Supp. 3d at 1186 ("In general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979))).

[88] As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

72.[9] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[9] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").